1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TODD W. BURNS
California State Bar No. 194937
Burns & Cohan, Attorneys at Law
501 West Broadway, Suite 1510
San Diego, California 92101
Telephone: (619) 236-0244
Facsimile: (610) 768-0333
todd@burnsandcohan.com

Attorneys for L.D., Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| L.D., | Case No. 4:26-cv-1476 |
| Plaintiff, | |
| vs. | APPLICATION TO ALLOW PLAINTIFF TO PROCEED ANONYMOUSLY |
| UNITED STATES OF AMERICA, W.Z. JENKINS II, DOES 1-20, | |
| Defendants. | NO ORAL ARGUMENT REQUESTED |

## INTRODUCTION

On February 19, 2026, Plaintiff filed her complaint in this case, in which she referred to herself as L.D., her initials. *See* Docket #1. As detailed in the complaint, this case centers on Plaintiff's sexual abuse while she was incarcerated by the Federal Bureau or Prisons (BOP) at FCI Dublin, which was mostly at the hands of Correctional Officer Darrell Smith. Plaintiff hereby moves to proceed anonymously in this case, with the pseudonym L.D.

Notably, this case is one of scores of cases that Plaintiff's counsel expects to proceed within the second phase of litigation for FCI Dublin cases, under a framework agreed to by the parties and District Judge Yvonne Gonzalez Rogers in *A.L. v. United States of America, et al.*, No. 4:24-cv-6580-YGR. Consistent with that

1  framework, Plaintiff will also be filing a motion to relate this case to the other cases

2  that have been related to *A.L. v. United States of America, et al.*

3  ## MEMORANDUM OF POINTS AND AUTHORITIES

4  Parties are generally allowed to proceed anonymously in special circumstances,

5  such as when "necessary . . . to protect a person from harassment, injury, ridicule or

6  personal embarrassment . . . ." *United States v. Doe*, 655 F.2d 920, 922 (9th Cir.

7  1977); *Does I-XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067 (9th Cir. 2000)

8  ("many federal courts, including the Ninth Circuit, have permitted parties to proceed

9  anonymously when special circumstances justify secrecy").  In deciding whether to

10  allow a party to proceed anonymously, a court "must balance the need for anonymity

11  against the general presumption that parties' identities are public information and the

12  risk of unfairness to the opposing party." *Id.*  This balancing test generally allows

13  plaintiffs to use pseudonyms in three situations:  (1) when "identification creates a

14  risk of retaliatory physical or mental harm;" (2) "when anonymity is necessary to

15  preserve privacy in a matter of sensitive and highly personal nature;" and (3) when

16  "the anonymous party is compelled to admit [his or her] intention to engage in illegal

17  conduct, thereby risking criminal prosecution." *Id.*  For example, pseudonym

18  protection has been afforded to exotic dancer plaintiffs because the suit would

19  "involve details about them of a highly sensitive and personal nature." *Jane Roes 1-2*

20  *v. SFBSC Management, LLC*, 77 F. Supp. 3d 990 (N.D. Cal. 2015).  In that case,

21  pseudonym protection was granted even though the "sensitive and personal"

22  information was related to a voluntary undertaking that involved revealing such

23  information (exotic dancing).

24  Here, allowing Plaintiff to proceed anonymously is especially appropriate

25  because she is vulnerable to retaliation from those who might identify or sympathize

26  with the Defendants.  Furthermore, if her identity is revealed she and her loved ones

27  face further humiliation and potential retaliation and/or psychological and physical

28  harm, not as a consequence of a voluntary choice on her part, but as a result of her

being a victim of abuse. In addition, if Plaintiff's true name is publicly revealed in these proceedings it could impair her ability to re-integrate into society. For all of these reasons, in dozens of related cases filed in this Court the Plaintiffs are proceeding using pseudonyms. *See A.L. v. United States of America, et al.*, No. 4:24-cv-6580-YGR (docket listing of parties); *see also* 10/5/22 Order in *M.R. v. FCI Dublin, et al.*, N.D. Cal. No. 22-cv-05137-VKD (Docket #8).

On the other side of the balance here, there is no legitimate public interest in knowing Plaintiff's identity. Any public interest involved is in knowing the name of the perpetrators of wrongdoing, and the steps taken to held them accountable and to ensure that similar transgressions do not occur in the future. Those interests are not impeded by allowing Plaintiff to proceed anonymously. *See, e.g., Advanced Textile*, 214 F.3d at 1073 n.5 ("[f]or instance, the question whether there is a constitutional right to abortion is of immense public interest, but the public did not suffer by not knowing the plaintiff's true name in *Roe v. Wade*"). The only other potential interest involved is that of the Defendants. In that regard, Plaintiff does not anticipate that the Defendants will oppose her proceeding anonymously, but she does not oppose their being heard in that regard when they make an appearance in the case. *See* 10/5/22 Order at 3-4, in *M.R. v. FCI Dublin, et al.*, N.D. Cal. No. 22-cv-05137-VKD (Docket #8) (stating, "[a]s defendants have not yet appeared in this action, defendants may later file a motion to compel disclosure of plaintiff's true name if they can make a good faith showing of prejudice").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court permit her to proceed in this case as indicated, by using her initials, L.D.

Respectfully Submitted,

Date: February 20, 2026          *s/ Todd W. Burns*
                                 BURNS & COHAN
                                 Attorneys for Plaintiff L.D.

3

**CERTIFICATE OF SERVICE**

On February 20, 2026, I served a copy of this Motion to Proceed Anonymously on the Defendants in *L.D. v. United States of America*, *et al.*, No. 4:26-cv-1476, by depositing copies of the same in the U.S. Mail, first class postage prepaid, addressed to: (1) United States of America, c/o Civil Process Clerk, United States Attorney's Office for the Northern District of California, Federal Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102; and (2) W.Z. Jenkins, 131 Palos Verdes Blvd., Unit 208, Redondo Beach, CA 90277.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: February 20, 2026                    *s/ Todd W. Burns*

4